JESSIE LEE POWELL and Another, Respondents, *v.* CREDIT ACCEPTANCE CORPORATION, Appellant.

County Court, Monroe County, April 17, 1928.

Sales — conditional sale — resale — " last known residence " of buyer within meaning of Personal Property Law, § 79, means permanent address where buyer will be likely to receive his mail — seller is only required to send notice of resale to last known address — written notice of resale of automobile was sent to buyers' last known address in Rochester — defendant had no knowledge buyers had removed from that address — notice given was sufficient compliance with statute — damages — plaintiffs only entitled to one-fourth of payments with interest (Pers. Prop. Law, § 80-c) — judgment reversed and complaint dismissed.

The " last known residence " of a buyer, within the meaning of section 79 of the Personal Property Law, means a home or a permanent address where the buyer will be most likely to receive his mail; when the seller has no notice of a change of residence the statute only requires that he send the notice of resale to the last known address.

Accordingly, in this action for the recovery of damages for the resale of an automobile, retaken by defendant, a written notice of resale sent to plaintiffs at the residence address in Rochester given by them in the contract of sale was a sufficient compliance with the statute; the fact that the buyers had removed from that address to another locality in Rochester without the seller's knowledge and were in Buffalo at the home of a relative when the vehicle was retaken did not place on the defendant the duty of searching out the buyers.

The plaintiffs should have been limited in damages to one-fourth of the payments made, with interest (Pers. Prop. Law, § 80-c), but since judgment must be reversed and the complaint dismissed this error is unimportant.

APPEAL from a judgment of the City Court in favor of the plaintiff.

*Charles E. Bostwick* [*Ira H. Morris* of counsel], for the appellant.

*H. Nile Eddy,* for the respondents.

SPENCER, J. Counsel were agreed upon the argument of the appeal that there was but a single question to be determined —

whether notice of the resale was sent to the last known residence of the buyer within the meaning of section 79 of the Personal Property Law (as added by Laws of 1922, chap. 642).

It is stipulated in the record that a written notice of the resale was sent to each of the plaintiffs at No. 1186 Lake avenue, Rochester, N. Y., and it appears that that was the residence address given by the buyer in the contract of sale. It appears in the record that the buyer removed from that address to another location in the city of Rochester; it nowhere appears in the record that the seller knew of that change of residence or had any notice of change of residence. It also appears in the record that a short time prior to the retaking of the car, both plaintiffs were in Buffalo and that the buyer wrote a letter headed " Bflo," without other address, to the defendant at Rochester, saying that he would be " home " a few days later and would call on the defendant. He signed this letter with an office address in the Terminal Building in Rochester, N. Y. It also appears that the other plaintiff wrote a letter from a definite street address at Buffalo, about the same time, to the defendant, asking consideration for her husband, who was behind in his payments. The complaint, verified a short time after the resale, alleges that both plaintiffs were at that time residents of the city of Rochester. The Buffalo stopping place of the plaintiffs was the home of a relative and the record shows that the plaintiff was there on a " factory trip." It was from this address that the car was retaken by the defendant.

The respondents' contention is that " last known residence " is equivalent to last known post-office address and that the statute required that this notice should be sent to the Buffalo address. I do not so construe the statute. Its purpose is to insure the greatest probability that the notice will be received by the buyer. The last known post-office address of a traveling man would be unlikely to reach him in time to allow him to protect himself. If this plaintiff, in his various factory trips, had passed from city to city and written from each city to the plaintiff on hotel stationery, and the seller had attempted to comply with the statute by sending a letter to the last one of these hotels, the buyer might justly have complained that that was not his residence within the meaning of the statute. Residence, as here used, means an abiding place or home or a permanent address, where the buyer will be most likely to receive his mail. Under such a contract as this, he should notify the seller if he changes that address. It would be an unreasonable construction of the statute to hold that a seller must know what the buyer's last place of residence is. Where the seller has no notice of a change of residence, the statute only requires

that he send the notice to the last known residence. He must, of course, act in good faith. The extent of his duty under the statute, if he knows that the residence of the buyer has been changed and does not know what the new residence is, does not need to be determined in this case. This record shows that the notice was sent to the last known residence. It does not show that the seller ever knew that there had been a change. The burden of establishing a failure to comply with the statute should be on him who asserts it. In this case that is the plaintiff. It has not been met. The trial court obviously applied the wrong rule of damages, as, on this record, in any event they should have been limited to one-fourth of the plaintiffs' payments, with interest; but that is unimportant in view of the fact that the complaint should have been dismissed *in toto.*

The judgment of the court below should be reversed and the complaint should be dismissed, with thirty dollars costs to the defendant.

Let judgment be entered accordingly.