BUFFALO CADILLAC CORPORATION, Plaintiff, *v.* EVERETT EISELE, Defendant.

Supreme Court, Erie County, August 2, 1933.

*Elmer E. Finck* [*Heffren J. Cohen* of counsel], for the plaintiff.

*Elmer C. Pagel,* for the defendant.

HARRIS, J.   The plaintiff sues to recover judgment for the sum of $2,036, being the amount of deficit created on the sale of a Cadillac automobile after the retaking of such automobile by the plaintiff from the defendant under the terms of a conditional sales contract.   Such conditional sales contract was executed and delivery of such automobile was made on or about the 2d day of May, 1932.   On delivery of the automobile the sum of $1,829.25 was paid by the defendant to the plaintiff on account of the purchase price of $3,467.25.   On June 2, 1932, a further payment of $102 was made by the defendant, leaving the then balance of $2,336.

After an accident which practically demolished the automobile, the machine was retaken by virtue of the terms of the conditional sales contract because the defendant refused to make further payment on such contract.   A resale of the automobile was held on the 10th day of September, 1932, and produced the sum of $300.

As the defendant had not paid fifty per cent of the purchase price at the time of the retaking and did not serve written notice demanding a resale, there was no duty to conduct a resale (Pers. Prop. Law, § 80), but the plaintiff did have a right to resell for the account of the defendant, providing it complied with the requirements of section 79 of the Personal Property Law.   The plaintiff elected to take advantage of the right to resell.   Following such election, the plaintiff posted in public places and published in a newspaper the notices provided for in such section 79, and on August 29, 1932, mailed to the defendant a notice that such resale would be held on the 10th day of September, 1932.   Such letter was sent to the defendant so as to comply with that portion of section 79 of the Personal Property Law which reads as follows:

" The seller shall give to the buyer not less than ten days' written notice of the sale, either personally or by registered mail, directed to the buyer at his last known place of business or residence." Such notice so mailed to the defendant was registered at the post office and proper postage was paid on the same. The outside of the envelope inclosing such notice bore the following legend: " Return within 5 days, General Motors Acceptance Corporation, 422 Main Street, Buffalo, N. Y.," and one requiring that a return receipt be taken from the defendant. The piece of registered mail was presented to an adult at the address of the defendant. She refused to sign any receipt for the letter, saying that the defendant was out of the city. The letter was then taken to the post office substation from which delivery was customarily made to the defendant and a notice to the effect that the letter was at the substation was left at the residence of the defendant on the next call of the letter carrier. Subsequently thereto the letter was returned to the sender by the Post Office Department. This return evidently was in compliance with the request for a return within five days; otherwise, if uncalled for, the provisions of the United States Postal Regulations, section 994, subsection B, required that return to the sender should be made within ten days after receipt of the piece of mail by the Post Office Department.

The sole contention made by the defendant in opposition to the granting of judgment in favor of the plaintiff is that the return card above quoted which was on the envelope of the registered letter sent to the defendant and the request for receipt were restrictions on the delivery of such registered letter and that, therefore, the sending of notice of sale in the envelope indorsed with such return card was not a full compliance with the provisions of section 79 of the Personal Property Law above quoted.

The United States Revised Statutes require that on the delivery of any registered mail matter a receipt shall be taken by the deliverer. The postal regulations require that the name and address of the sender of any registered matter shall be legibly indorsed on the matter mailed. With these provisions of the Federal law and regulations before us, it can readily be determined that a request for a receipt would not restrict delivery because the Post Office Department would have required a receipt for its own purpose and that the return address was on the envelope necessarily in compliance with the provisions of the Federal law.

The request to return within five days is one that is not provided for by law and would ordinarily result in the return of the letter in less than ten days after its mailing. The question, therefore, is, " Was the request for a return in five days a restriction on the

delivery of the letter which would prevent the compliance with the provisions of section 79 of the Personal Property Law? "

The purpose of section 79, as quoted above, is to compel the retaker of the article to convey either personally or by registered mail to the buyer at least ten days before the sale, notice of such resale. If he does that, he has fully complied with the law. If he does not do that, he has not complied with the law. In the case at bar the plaintiff sent the letter at least ten days before the date of sale. It is common knowledge that registered mail must be receipted for when offered for delivery and such knowledge should be attached to the defendant. He knew that the automobile had been retaken and that if there were a resale a registered mail notice would be sent him and if he desired to receive such notice he should have made provision in his absence for its receipt. The registered letter was delivered at his house and could have been accepted there. It was not. The failure to accept the letter was the cause of the non-delivery of the notice. Therefore, the limitation on the time for return of the letter could not be regarded as the cause of the non-delivery. If such limitation had been the cause of the non-delivery, then apparently the use of such limited card of return would not have been a compliance with the provisions of section 79 of the Personal Property Law. (See *Gaffney* v. *Bigelow*, 2 Abb. N. C. 311; *Jacobs* v. *Hooker*, 1 Barb. 71; *Manchester* v. *Van Brunt*, 2 Misc. 228; *Appeal Printing Co.* v. *Sherman*, 99 App. Div. 533; *Price* v. *City of New York*, 104 id. 198; *Hurley* v. *Olcott*, 198 N. Y. 132.)

The plaintiff may have judgment against the defendant for the amount demanded in the complaint, and for interest.