COMMERCIAL CREDIT CORPORATION, Appellant, v. MAXWELL ORNSTEIN, Respondent.— Order of the Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, and said judgment of the Municipal Court reversed on the law and judgment directed for appellant for the amount demanded in the complaint, with costs in all courts. Plaintiff, the assignee of a conditional sales contract, sues to recover a deficiency judgment after the repossession and sale of an automobile, under section 80-b of the Personal Property Law. The defense of accord and satisfaction is untenable. Even if there were an accord and satisfaction between the assignor and defendant, it could not affect plaintiff's right to maintain this action. Defendant had notice of the assignment

and subsequently paid two installments to plaintiff. (*Manhattan Taxi S. Corp. v. Checker Cab Mfg. Corp.*, 226 App. Div. 624; modfd., on other grounds, 253 N. Y. 455.) The notice of sale may be given during the redemption period provided by the statute and may run concurrently with it. (*Eisenberg* v. *Commercial Credit Corp.*, 267 N. Y. 80.) The proof is uncontradicted that appellant sent notice of sale " by registered mail, directed to the buyer at his last known place of business or residence " and proof of such mailing is a compliance with section 79 of the Personal Property Law. Whether or not the buyer actually receives the notice is not controlling. (*Manhattan Taxi S. Corp.* v. *Checker Cab Mfg. Corp.*, 226 App. Div. 624; modfd., on other grounds, 253 N. Y. 455; *Buffalo Cadillac Corporation* v. *Eisele*, 148 Misc. 592; *Capitol District L. A. W. Corp.* v. *Blake*, 136 id. 651; *Powell* v. *Credit Acceptance Corporation*, 131 id. 870.) Lazansky, P. J., Carswell, Scudder, Tompkins and Johnston, JJ., concur.