68 N.J. Super. 331 (1961)
172 A.2d 440
PACIFIC DISCOUNT CO., INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
HENRY JACKSON AND AUDREY ROBINSON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1961.
Decided July 10, 1961.
*332 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Russell H. Hulsizer argued the cause for plaintiff-appellant (Mr. Sollie Wolfman, attorney; Mr. Hulsizer, of counsel).
There was no appearance on behalf of defendants-respondents.
The opinion of the court was delivered by PRICE, S.J.A.D.
Plaintiff seeks to reverse a judgment of the District Court denying it recovery of $824.29, asserted by plaintiff to be the amount of the deficiency (including "attorney collection fee amounting to $107.50") resulting from the repossession and resale (pursuant to R.S. 46:32-28) of a "second hand" automobile, originally sold by St. George Motors (hereinafter designated Motors) to defendants under a conditional sales contract. The contract was accompanied by defendants' promissory note dated July 1, 1959. After making several payments defendants defaulted and the deficiency action resulted. Plaintiff had become the holder of defendants' note and contract by Motors' endorsement and assignment on July 1, 1959.
The central question projected by the appeal is whether plaintiff's utilization of "certified mail" instead of "registered mail" in sending to defendants notice of the prospective resale of the automobile was legally sufficient under the provisions of R.S. 46:32-25 in view of N.J.S.A. 1:1-2, which provides that:
"Unless it be otherwise expressly provided or there is something in the subject or context repugnant to such construction, the following words and phrases, when used in any statute and in the Revised Statutes, shall have the meaning herein given to them. * * *
Registered mail. The words `registered mail' include `certified mail.'"
Defendant Jackson made monthly payments to plaintiff through January 1960; defendants defaulted in February, *333 the automobile was repossessed in March and sold on March 31, 1960. The trial court's opinion contains the following:
"* * * Mr. Gross [plaintiff's president] further testified that * * *. Notice of such sale was published in the Newark Evening News on March 23, 1960 * * * and was posted at three public places in Newark, namely, 455 So. 10th Street, 522 So. 19th Street and So. 13th Street and 14th Avenue. Mr. Gross acting as nominee for St. George Motors, bought the car at the auction for $744 and resold it to St. George Motors for $744.
Plaintiff enclosed one `Notice of March 31st Sale' * * * in a stamped sealed envelope postmarked March 17, 1960, addressed to: Henry Jackson, 88 Boyd Street, Newark, and another in a stamped sealed envelope bearing the same postmark and addressed to: Audrey Robinson, 41 17th Avenue, Newark. Each such notice was sent by certified mail. Although defendant Jackson testified both he and Robinson lived at the respective addresses appearing on each of the envelopes containing a `Notice of Sale,' neither letter was received by the addressee defendants, and consequently plaintiff never received signed return receipt cards. The unopened Jackson letter was returned to plaintiff bearing in substance the legend `Addressee unknown at this address.' The unopened Robinson letter was returned to plaintiff bearing in substance, the legend `Unclaimed.' To each such letter was pasted a blank, unused return receipt card. * * * Mr. Gross said he did not recall whether these letters were returned to him by the post office before or after the March 31st sale."
The trial court held that R.S. 46:32-25 should be strictly construed and "plainly required personal service or service by registered mail" and that the selection of "certified mail" as the medium for the transmittal of the notice was "an unauthorized method and is therefore void and of no effect" and that as a consequence the deficiency action was not maintainable. The trial court further held that, assuming "service by certified mail is proper" plaintiff was without right to maintain the instant action because actual "receipt" of the notice by the vendees had to be shown.
In assessing the merits of this appeal it is important to note that we heretofore have had occasion to emphasize that the protection of the buyer was the primary purpose to be achieved by the Uniform Conditional Sales Act. In *334 Bancredit Inc. v. Meyers, 62 N.J. Super. 77, 81 (App. Div. 1960), we said:
"* * * As was observed in Plainfield Motor Co. v. Salamon, 13 N.J. Misc. 570, 572, 180 A. 428 (D. Ct. 1935), in the drafting of the Uniform Conditional Sales Act, from which our statute is essentially taken, `[t]he welfare of the buyer was given especial attention and every reasonable safeguard erected and embodied therein for his protection. Its primary purpose seems to be to protect the buyer from imposition and loss.' * * *"
In Commercial Credit Corp. v. Lawley, 47 N.J. Super. 207, 213 (App. Div. 1957), we stated:
"* * * The purpose of the notice [required by R.S. 46:32-25] is to inform prospective bidders of the sale in order to secure a good price for the article to be sold and also to apprise the conditional vendee of it in order to enable him to protect his interests by buying in the article or by working up interest in the sale, or otherwise, as may seem best to him. * * *"
We are not in accord with the trial court's determination that the actual receipt of the notice by the vendee is a prerequisite to the sale. The very fact that the act provides a limited time for the sale to be held after seizure of the chattel, contains no provision for extension of time therefor, or outlines any procedure to be followed by the assignee of the conditional sales contract in the event the actual receipt of the notice is not shown, negates the trial court's conclusion in that regard. Various conditions might well exist which would make actual receipt of the notice impossible. If such requirement existed the defaulting vendee would have it in his power to thwart the sale. See Powell v. Credit Acceptance Corp., 131 Misc. 870, 228 N.Y.S. 427 (Cty. Ct. 1928); Manhattan Taxi Service Corp. v. Checker Cab Mfg. Corp., 226 App. Div. 624, 236 N.Y.S. 559 (App. Div. 1929), modified 253 N.Y. 455, 171 N.E. 705, 69 A.L.R. 1190 (Ct. App. 1930); Commercial Credit Corp. v. Ornstein, 245 App. Div. 815, 281 N.Y.S. 321 (App. Div. 1935). See generally 78 C.J.S. Sales § *335 601(c)(2), at p. 362; Annotation, 49 A.L.R.2d 15, 36 (1956); Annotation, 83 A.L.R. 959, 983 (1933).
As we view it, the single crucial question presented by the factual situation in the case at bar is the legality of using "certified mail" instead of "registered mail" as a medium for sending the notice of sale to the defaulting vendees. We conclude that to hold that "registered mail" in R.S. 46:32-25 includes "certified mail" would be "repugnant" to the "subject" and "context" of that statute and that consequently N.J.S.A. 1:1-2 is not here applicable.
Bearing in mind that strict compliance with the resale provisions of R.S. 46:32-25 is a prerequisite to maintaining a deficiency suit (Bergen Auto Company v. Mattarochio, 58 N.J. Super. 161, 165 (App. Div. 1959); Veterans Loan Authority v. Rozella, 21 N.J. Super. 1, 3-4 (App. Div. 1952)), we compare the two mailing media involved. In this connection we note the case of Oneida National Bank & Trust Company of Utica v. Manikas, 10 Misc.2d 671, 175 N.Y.S.2d 612 (Cty. Ct. 1958). In that case notice of the sale of the automobile at public auction was given to defendant by certified mail. The letter containing the notice was delivered to the address at which defendant lived and the attached return receipt card was signed by a person other than defendant. That person later testified that she observed defendant reading the notice. The applicable New York statute (New York Personal Property Law, McKinney's Consol. Laws, c. 41, Sec. 79) provided, as does ours, that notice to the conditional vendee should be in writing and given "either personally or by registered mail." 175 N.Y.S.2d, at p. 614. The court noted that consideration of certain proposed legislation providing for the use of certified mail as a substitute for registered mail in all instances where registered mail was then required had been abandoned by the New York legislature in 1957. 175 N.Y.S.2d, at p. 616. The court held that the statute referable to the notice of sale was to be strictly construed and that failure to give such notice either personally or by registered mail *336 was fatal to plaintiff's cause. Judgment was entered for defendant. In the opinion in that case the court referred (175 N.Y.S.2d, at pp. 616-617) to a veto message from the New York Governor to that state's legislature on March 11, 1957, relating to the use of certified mail as an alternative to registered mail for the service of process in certain specified instances.
We have examined a copy of the aforesaid veto message. Although the message dealt with three Senate bills relating to use of certified mail as an alternative to registered mail in connection with communications from the Secretary of State to corporations and associations where service of process had been made on that official under applicable statutes (a use unrelated to that involved in the instant case) it is significant that the veto message in part emphasized that "Certified Mail is handled as first class mail, while Registered Mail is handled separately in special pouches and is receipted for every time it is transferred enroute" and that "in the case of Certified Mail, no record is kept in the postoffice of mailing." The veto message further noted that "Certified Mail does not have the same safeguards as Registered Mail," and, in addition, the Governor quoted from and relied upon a view expressed by the Office of the Secretary of State of New York that postal authorities had advised that "while Certified Mail is less expensive than Registered Mail, experience has demonstrated that return receipts have not always been delivered to the person using Certified Mail."
Reference to the Post Office Department's manual relating to registered and certified mail reveals that governmental instructions with reference to their use include a statement that "registered mail should be used only where required by statute, or where the matter being mailed warrants a record covering transit, or the retention of a delivery receipt for a period longer than six months." The current, pertinent governmental bulletin presents "a comparison of characteristics of registered and certified mail" in the following graphic manner:

*337
 "Registered Mail Certified Mail
Must be securely sealed. Additional Must be sealed. No restriction on
sealing devices may be used but not additional sealing devices.
over intersections of sealing flaps
on envelopes.
Mailing receipt furnished sender by Mailing receipt prepared by sender.
post office. For multiple Sender may present mail and receipt
transactions, sender prepares for authentication (postmarking) of
receipt using post office forms. the mailing receipt. If postmarked
Sender always furnished receipt not needed, mail may be
authenticated mailing receipt. deposited in ordinary mail drops.
Complete mailing record kept at the No record kept at the post office.
post office.
Sender's return receipt service. Same
(Optional)
Restricted delivery service to Same
addressee only. (Optional)
Recorded in transit and separated Not recorded in transit. Handled with
from other mail. Receives ordinary first class mail without
additional security if warranted. separation.
Controlled at post office of Not charged to carriers. Carriers
address by charge-out to delivering identify mail by endorsement and then
employees. follow delivery rules governing
 registered mail.
Delivery receipt obtained from Same, except receipt retained at post
addressee or his representative; office for 6 months. [Now 2 years.
receipt retained at post office for See Post Office Services Transmittal
3 years. Letter 91, 6-9-61.]
Postal indemnity provided, subject Service limited to matter having no
to limitations of Government Losses intrinsic value. No indemnity
in Shipment Act (5 U.S.C. 134, provided."
134a-h) if value declared and fee
for value paid.
Indemnity not paid for articles
mailed under Postage and Fees Paid
reimbursement arrangements.

*338 It is also to be noted that the postal regulations provide that if registered mail is not delivered or called for within 5 days, a second notice will be issued, provided the maximum period for which the mail may be held permits. No provision for the issuance of a second notice is contained in the regulations governing certified mail.
Implicit in the specific statutory provision, R.S. 46:32-25, referable to the giving of the notice of sale (apart from personal service thereof, which in many cases would be impractical) is the objective that the most effective means be employed to accomplish the transmittal of such notice to the vendee by mail. Anything which diminishes the effectiveness of the requirements contained in the above statute is to be rejected as an unwarranted departure from the legislative purpose. Although registered and certified mail have, as above noted, certain common characteristics, most of the stated differences result in surrounding registered mail with greater protection and provide for greater certainty in its transmittal. It is clear that the Legislature (in addition to publication and posting of the notice of sale) has, with precision and discrimination, selected the most effective mailing medium for the transmittal of the requisite notice of sale. The fact that provision for a "mailing receipt," proposed to be signed by the addressee, is an incident of certified mail as well as registered mail is not controlling or dispositive of the issue here presented. The nature of registered mail, its origin, the initiation of its movement, its handling en route, the protection afforded and the record of its progress during transit are crucially at variance with the corresponding conditions relating to certified mail. The distinguishing protective features of registered mail lead to our rejection of appellant's contention that there is nothing in the subject or context of R.S. 46:32-25 which is repugnant to a holding that certified mail be deemed the equivalent of registered mail as a medium *339 for giving notice of a proposed sale under the aforesaid statute.
For the reasons herein outlined the judgment of the District Court is affirmed.