ELM BUICK COMPANY, INC. *v.* GEORGE MOORE

KING, MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued June 6—decided June 25, 1963

*Morris W. Mendlesohn,* for the appellant (plaintiff).

*Stephen I. Traub,* for the appellee (defendant).

*Raymond J. Devlin, Jr.,* with whom, on the brief, was *David M. Shea,* as amicus curiae.

*Anthony I. Wells,* as amicus curiae.

KING, J.  On April 22, 1960, the defendant purchased a used 1957 Buick automobile from the plaintiff under a retail instalment (conditional sale) contract.  See General Statutes § 42-83 (e).  The plaintiff assigned the contract, with recourse, to the General Motors Acceptance Corporation, hereinafter referred to as G.M.A.C., a sales finance company which financed the purchase of the car.  See General Statutes § 42-83 (i).  The defendant became in default in the instalment payments called for by the contract and, on October 25, 1960, G.M.A.C. retook possession of the automobile.  At that time, the defendant had paid less than one-half of the time-sale price (§§ 42-83 [d], [j]) provided for in the contract, and consequently G.M.A.C., when it repossessed the car, was under no duty to resell it.[1]  §§ 42-98 (d), (e).  However, G.M.A.C. chose to exercise the option, given it under the last sentence of § 42-98 (e), to resell the car and therefore was required, under § 42-98 (d),

[1] In 1961, by an amendment not applicable to the present case, the statute was changed to increase the buyer's equity requisite for a compulsory resale from 50 percent to 60 percent and to extend the time in which the resale must be held from thirty days to ninety days after the giving of notice.  Public Acts 1961, No. 116, §§ 22, 23.  The 1961 version now appears as §§ 42-98 (d) and (e) in the revised volume VII (1961) of the General Statutes.

to "give the retail buyer [the defendant] not less than ten days' written notice of the time and place of sale either personally or by registered or certified mail directed to the retail buyer at his last-known place of business or residence."

Pursuant to these provisions, G.M.A.C., on October 27, 1960, sent the defendant, by United States certified mail, a written notice correctly addressed to his residence, advising him that by reason of his default it intended to sell the car at a public sale at the plaintiff's premises on November 14, 1960, at 12 o'clock noon, to satisfy the balance due under the contract together with all expenses incurred in the retaking, storing and selling of the car. At the time and place stated, the car was sold at public auction for an amount considerably less than the balance owing by the defendant under the contract. After the sale, the plaintiff was required to, and did, pay to G.M.A.C. the difference between the price obtained at the public auction and the balance owing under the terms of the contract.

On November 18, 1960, which was after the auction sale of the car, the post office department returned to G.M.A.C. the letter which had been sent to the defendant by certified mail. It was unopened and marked "Unclaimed." The defendant did not receive the letter or any other written notice of the sale of his car prior to the time of its sale.

The plaintiff instituted this action for a deficiency judgment to recover the amount which it paid G.M.A.C. and certain other expenses. The parties stipulated that if judgment was rendered for the plaintiff, the amount of recovery was to be $900. The defendant claims that the quoted provision of § 42-98 (d) as to notice required that the written notice actually be received by him and that since it

was not, he is not liable for any deficiency judgment.

The disjunctive phrase "or by" in § 42-98 (d) clearly expresses a legislative intention that there shall be two separate methods of giving to the retail buyer written notice of a proposed resale of his car after a repossession because of a default in instalment payments. The notice may be given personally wherever the buyer is found. It may also be given by registered or certified mail directed to the buyer at his last-known place of business or residence.[2] Thus, the statute, by its express terms, provides that either method may be used at the option of the holder of the instalment contract.

The defendant's claim that to "give . . . notice" requires actual receipt of the written notice, even though the foregoing statutory requirements as to mailing are, as they were here, fully complied with, is wholly inconsistent with the express language of the statute. The consequences which would result if the provision were given the meaning claimed for it by the defendant are well summarized in a case repudiating a similar claim in the following language: "We are not in accord with the trial court's determination that the actual receipt of the notice by the vendee is a prerequisite to the sale. The very fact that the act provides a limited time for the sale to be held after seizure of the chattel, contains no provision for extension of time therefor, or outlines any procedure to be followed by the assignee of the conditional sales contract in the event the actual receipt of the notice is not shown, negates

---

[2] Public Acts 1961, No. 116, § 22, also amended § 42-98 (d) to provide that when certified mail was used it should be "receipted for on mailing." This amendment emphasizes and clarifies a purpose to require the designated type of mailing—rather than the actual receipt by the buyer—of the written notice.

the trial court's conclusion in that regard. Various conditions might well exist which would make actual receipt of the notice impossible. If such requirement existed the defaulting vendee would have it in his power to thwart the sale. See *Powell v. Credit Acceptance Corp.*, 131 *Misc.* 870, 228 *N.Y.S.* 427 (*Cty. Ct.* 1928); *Manhattan Taxi Service Corp. v. Checker Cab Mfg. Corp.*, 226 *App. Div.* 624, 236 *N.Y.S.* 559 (*App. Div.* 1929), modified 253 *N.Y.* 455, 171 *N.E.* 705, 69 *A.L.R.* 1190 (*Ct. App.* 1930); *Commercial Credit Corp. v. Ornstein*, 245 *App. Div.* 815, 281 *N.Y.S.* 321 (*App. Div.* 1935). See generally 78 *C.J.S. Sales* § 601 (c) (2), at *p.* 362; Annotation, 49 *A.L.R.2d* 15, 36 (1956); Annotation, 83 *A.L.R.* 959, 983 (1933)." *Pacific Discount Co.* v. *Jackson,* 68 N.J. Super. 331, 334, 172 A.2d 440, rev'd on another ground, 37 N.J. 169, 179 A.2d 745; *Frantz Equipment Co.* v. *Anderson,* 37 N.J. 420, 427, 181 A.2d 499. If the retail buyer could thus thwart the sale, he could forever prevent successful maintenance of suit against him for the balance due, since if possession of the chattel is retaken under § 42-98 (a) the retail buyer is liable for the balance only after a statutory resale. General Statutes § 42-98 (i); 78 C.J.S. 354, Sales, § 600 (b) (3).

The defendant makes much of claimed inequities resulting from a construction of the statute as not requiring actual notice. These merit little discussion. The stipulation of facts on which the finding is based merely states that the defendant did not receive any prior written notice of the sale. Significantly, it does not state that he did not have actual notice of the sale prior thereto. No strong equities appear from this stipulation, even if we assume that equities could affect the construction of a clearly worded statute.

The defendant lays great stress on the case of *Rapid Motor Lines, Inc.* v. *Cox,* 134 Conn. 235, 238, 56 A.2d 519, which holds, in effect, that a requirement in a statutory cause of action (§ 13-87) that notice be given within a certain period requires receipt of the notice by the person to be notified within that period. The case is of no relevancy here, since the statute in the instant case provides not merely that notice shall be given but that it may be given in one of two ways. Our construction accords with that which generally has been given to the counterpart provision (§ 19), as to notice, in the Uniform Conditional Sales Act. 2 U.L.A. § 19; note, 49 A.L.R.2d 15, 36.

The defendant's claim that a resale on anything less than actual receipt of the written notice of resale is unconstitutional does not merit discussion. Such a claim would not be correct even in connection with the service of process in an in personam action. *Smith* v. *Smith,* 150 Conn. 15, 19, 183 A.2d 848; *Black* v. *Universal C.I.T. Credit Corporation,* 150 Conn. 188, 190, 187 A.2d 243.

The subordinate facts, as found, show that the statute has been complied with. The conclusions of the trial court to the contrary, assigned by the plaintiff as error, are erroneous. Since the plaintiff must prevail, it is unnecessary to consider its other claims of error.

There is error, the judgments of the trial court and the Appellate Division are set aside and the case is remanded with direction to render judgment for the plaintiff to recover the stipulated amount of $900, together with interest from the date of judgment and all taxable costs.

In this opinion the other judges concurred.