433 P.2d 980

**H. B. GOODMAN dba Arizona Securities, a sole proprietorship, Appellant,**

v.

**Oren H. JONES and Lea Jones, his wife, Appellees.**

No. 8514.

Supreme Court of Arizona.
In Division.
Nov. 22, 1967.

Robert W. Browder and Dale E. Marenda, Phoenix, for appellant.

V. L. Hash, Phoenix [now deceased], Estate of V. L. Hash by Virginia Hash, Phoenix, for appellees.

Ryley, Carlock & Ralston, Kramer, Roche, Burch & Streich, Carson, Messinger, Elliott, Laughlin & Ragan, Evans, Kitchel & Jenckes, Jennings, Strouss, Salmon & Trask, Rawlins, Ellis, Burrus & Kiewit,

by Michael S. Milroy, and Dennis M. Balint, Phoenix, amici curiae.

UDALL, Justice.

This action was brought in the Superior Court, Maricopa County, by H. B. Goodman dba Arizona Securities, as assignee of the seller's interest, against the buyers of an automobile purchased under a conditional sales contract. Goodman, hereinafter referred to as plaintiff, sought hereby to recover a money judgment for the difference between the balance due under the contract at the time of default and the amount received from the sale of the automobile after it was repossessed and sold at public auction.

The automobile had been purchased under a conditional sales contract by Lowell Steed and Oren and Lea Jones, husband and wife. Steed, not having been served or directly involved in the trial, is not a party to this appeal.

The total contract purchase price of the automobile was $1049.15. The sum of $200 had been paid by the purchasers at the time the contract was treated as being in default. The automobile was repossessed for delinquency in payments under the contract. During the ten day holding period pursuant to A.R.S. § 44–318, no redemption was made. After having given an allegedly valid notice of resale, the date of such sale being within the statutory period next following the repossession, plaintiff caused the involved automobile to be sold at public auction.

The evidence showed that the plaintiff had enclosed a notice of sale in an envelope and sent it by registered mail to Mr. Jones at Route 5, Box 1056, Phoenix under Registry Number 1796. This address was the same as that given for the defendants Jones on the conditional sales contract. The plaintiff testified that in connection with the said mailing he had requested a registry return receipt and that this receipt was marked as Plaintiff's Exhibit 2 for identification. Plaintiff's Exhibit 2 was offered in evidence. The defense objected to the admission of this evidence for the reason that it appeared upon the face of the exhibit that Jones did not sign for it, but that some third person signed for it. Thus the defense contended there was not only no showing that Jones personally received the notice, but any presumption of receipt arising out of the fact of mailing was rebutted by the plaintiff's own offer of evidence. The objection was sustained by the trial court. There then being no proof of service the court rendered judgment in favor of the defendants Jones. Plaintiff herein appeals from the lower court judgment entered against him and from that court's denial of his motion for a new trial.

The lower court in consideration of the motion for new trial stated in part,

"The purpose of the law on the subject of contracts of conditional sale is primarily to protect the buyer. Maestro Music vs. [Rudolph] Wurlitzer [Co.] (1960) 88 Arizona 222, 354 Pac.2d 266. On Page 233 of the Arizona Report, Section 44–319 ARS is cited and the Court states that, 'Only the buyer is entitled to personal notice of sale.'

"There are several provisions of the act relating to service of notice. This service whether the seller is giving notice to the buyer or the buyer is giving notice to the seller calls for notice to be served upon the person to be notified, either personally or by registered mail. Reference is made to Sections 44–312; 44–313; 44–317; 44–318; 44–319; and 44–320.

"It is the opinion of the Court that the termination of the buyers interest is an in rem matter, but that the establishment of the right to a deficiency is an in personam matter. The enforcement of the in rem rights by the seller may be accomplished without notice where the amount paid on the contract is less than fifty per cent, but there must be notice by posting and in some events by publication if the amount paid is more than fifty per cent.

"Whenever notice is required to be given either to the buyer or to the seller

the statutes specify that this shall be given personally to the person entitled to receive the same or in the alternative by registered mail. This definitely implies the personal receipt by the person who is to be notified by registered mail."

Thus the lower court determined that by its interpretation A.R.S. §§ 44–319 and 44–320 required that the seller or his assignee prove that the buyer had been given personal notice or that the written notice, sent by registered mail had in fact been received by the buyer.

We find the question presented to this Court is whether a conditional seller, or his assignee, who has repossessed the subject of the conditional sale, has complied with the provisions of the Uniform Conditional Sales Act (A.R.S. §§ 44–319 and 44–320) so as to enable him to recover a deficiency on the balance due under the contract when he sends to the conditional buyer a written notice of resale, within the prescribed time limits, by properly addressed and posted registered mail directed to the conditional buyer at his last known place of business or residence, although the conditional buyer does not, in fact, receive that written notice and is not personally given written notice of the resale.

The first of the two statutes at issue states,

"If the buyer does not redeem the goods within ten days after the seller has retaken possession, and the buyer has paid at least fifty per cent of the purchase price at the time of the retaking, the seller shall sell them at public auction in the state where they were at the time of the retaking or in the state of Arizona, such sale to be held not more than thirty days after the retaking. The seller shall give to the buyer not less than ten days' written notice of the sale, either personally or by certified or registered mail, directed to the buyer at his last known place of business or residence. The seller shall also give notice of the sale by at least three notices posted in different public places within the recording district where the goods are to be sold, at least five days before the sale. If at the time of the retaking five hundred dollars or more has been paid on the purchase price, the seller shall also give notice of the sale at least five days before the sale by one publication in a newspaper published or having a general circulation within the recording district where the goods are to be sold. The seller may bid for the goods at the resale. If the goods are of the kind described in § 44–308, the parties may fix in the conditional sale contract the place where the goods shall be resold." 44–319, as amended Laws 1963; Ch. 28, § 1; Laws 1966, Ch. 63, § 39.[1]

Section 44–320 provides as follows:

"If the buyer has not paid at least fifty per cent of the purchase price at the time of the retaking, the seller shall not be under a duty to resell the goods as prescribed in § 44–319, unless the buyer serves upon the seller, within ten days after the retaking, a written notice demanding a resale, delivered personally or by registered mail. If such notice is served, the resale shall take place within thirty days after the service, in the manner, at the place and upon the notice prescribed in § 44–319. The seller may voluntarily resell the goods for account of the buyer on compliance with the same requirements."

The facts of this case apparently place it in the last category provided for by these statutes. For while less than fifty percent of the purchase price had been paid at default and while no written demand for resale had been made by the purchaser the seller's assignee—the plaintiff, chose to resell the automobile for the account of the purchaser. In so doing the plaintiff was obliged to comply with the requirements of § 44–319 as referred to in § 44–320. Thus we find the plaintiff was required to give

1. Laws 1967, Ch. 3, enacting the Uniform Commercial Code, repealed Chapter 3 of Title 44 (sections 44–301 to 44–330) effective Jan. 1, 1968.

notice of the resale in writing personally or by certified or registered mail directed to the buyer at his last known place of business or residence in addition to necessary compliance with the other statutory provisions. It is this purported notice with which the defendants Jones and the trial court took exception.

■ This Court has said that in absence of custom, statute, or express contract, a notice sought to be served by mail is not effective until it comes into the hands of the one sought to be served. School Dist. No. 6 of Pima County v. Barber, 85 Ariz. 95, 332 P.2d 496; General Factors, Inc. v. Beck, 99 Ariz. 337, 409 P.2d 40.

■ However we are convinced that service by registered mail may be under certain statutes effective when the letter is registered and deposited in the mails, properly addressed with the correct amount of postage. See Amodio v. Civil Service Commission, 81 N.J.Super. 22, 194 A.2d 512; Ford v. Genereux, 104 Colo. 17, 87 P.2d 749; McCoy v. Bureau of Unemployment Compensation, 81 Ohio App. 158, 77 N.E.2d 76; 42 Am.Jur., Process, § 60 p. 48; 49 A.L.R. 2d 15, 36.

■ In Elm Buick Co., Inc. v. Moore, 150 Conn. 631, 192 A.2d 638, the court considered this issue of notice in relation to the defaulting purchaser under a conditional sales contract. Therein the court stated,

"The defendant's claim that to 'give * * * notice' requires actual receipt of the written notice, even though the foregoing statutory requirements as to mailing are, as they were here, fully complied with, is wholly inconsistent with the express language of the statute. The consequences which would result if the provision were given the meaning claimed for it by the defendant are well summarized in a case repudiating a similar claim in the following language: 'We are not in accord with the trial court's determination that the actual receipt of the notice by the vendee is a prerequisite to the sale. The very fact that the act provides a limited time for the sale to be held after seizure of the chattel, contains no provisions for extension of time therefor, or outlines any procedure to be followed by the assignee of the conditional sales contract in the event the actual receipt of the notice is not shown, negates the trial court's conclusion in that regard. Various conditions might well exist which would make actual receipt of the notice impossible. If such requirement existed the defaulting vendee would have it in his power to thwart the sale. See Powell v. Credit Acceptance Corp., 131 Misc. 870, 228 N.Y.S. 427 (Cty.Ct.1928); Manhattan Taxi Service Corp. v. Checker Cab Mfg. Corp., 226 App.Div. 624, 236 N.Y.S. 559 (App.Div.1929), modified 253 N.Y. 455, 171 N.E. 705, 69 A.L.R. 1190 (Ct. App.1930); Commercial Credit Corp. v. Ornstein, 245 App.Div. 815, 281 N.Y.S. 321 (App.Div.1935). See generally 78 C.J.S. Sales § 601c(2), at p. 362; Annotation, 49 A.L.R.(2d) 15, 36 (1956); Annotation, 83 A.L.R. 959, 983 (1933).' Pacific Discount Co. v. Jackson, 68 N.J. Super. 331, 334, 172 A.2d 440, rev'd on another ground, 37 N.J. 169, 179 A.2d 745; Frantz Equipment Co. v. Anderson, 37 N.J. 420, 427, 181 A.2d 499. If the retail buyer could thus thwart the sale, he could forever prevent successful maintenance of suit against him for the balance due, since if possession of the chattel is retaken under § 42–98(a) the retail buyer is liable for the balance only after a statutory resale. General Statutes § 42–98(i); 78 C.J.S. p. 354, Sales, § 600b(3)." 192 A.2d at 639–640.

We are of the opinion that such reasoning should control in interpreting A.R.S. §§ 44–319 and 44–320. For our legislature could have stated that notice must be received to be effective. Instead the mail is to be "directed to the * * * last known place of business or residence." Thus we conclude that proof of the mailing of a registered letter containing a notice shows compliance with the statute, whether or not the buyer actually receives the notice. See Commercial Credit Corp. v. Ornstein, supra.

[4–6] ■ The next problem we must deal with in determining the validity of the involved service is whether the address used for the mailing was within the statutory direction. Notice was sent by plaintiff to Mr. Jones at the address given in the conditional sales contract. The contract itself provided, in pertinent part:

"Should Seller take possession of such property, all the rights of Purchaser under this contract shall immediately terminate, and all payments theretofore made hereunder shall belong absolutely to Seller; and Seller may, if he so desires, when such repossession is had, thereupon resell said property at public or private sale, without demand for performance with or without notice to Purchaser (if given notice, notice by mail to address given in Purchaser's statement being sufficient) * * *."

While we recognize that no such agreement can constitute a valid waiver of the involved statutory provisions (A.R.S. § 44–326) yet we feel that the portion of the contract providing for notice to be given "by mail to address given in Purchaser's statement" must be allowed some weight in determining the propriety of the mailing to the address involved here. Thus we conclude that under such a contract as the one involved herein the determination of "last known place of business or residence" (A.R.S. § 44–319) may be properly based on the statement of residence in the contract. Hence a buyer should notify the seller if he changes that address it being an unreasonable demand to require the seller to learn the buyer's last place of residence and the statute providing that notice be sent to merely the "last known" residence or place of business. See Powell v. Credit Acceptance Corp., 131 Misc. 870, 228 N.Y.S. 427. But of course good faith on the part of a seller would necessitate the directing of mail to a new address regardless of whether the buyer had given notice of the change, were such change to come to the seller's attention.

■■ We have concluded that a proper interpretation of the involved statutes does not require as a condition precedent to the right to establish a deficiency judgment that the conditional purchaser have actually and personally received notice of the resale, that the statutorily prescribed standards of notice having been met by the plaintiff in the instant cause, the trial court was thus in error in failing to admit in evidence the service of resale notice. Because such error resulted in the dismissal of plaintiff's claim we must reverse the lower court and remand this matter for trial.

Reversed.

BERNSTEIN, C. J., and STRUCKMEYER, J., concur.