## ASSOCIATES DISCOUNT CORPORATION v. TAYLOR.
### No. 157836.

Small Claims Court, Dade County.

February 24, 1968.

W. A. Ingraham, Jr., Miami, for plaintiff.

Manners & Amoon, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Final judgment is rendered in favor of the plaintiff for $900, including attorney's fee in the sum of $150, plus $17.40 costs. The evidence is legally sufficient to establish liability. The court has examined the evidence presented on behalf of both parties and is fully advised in the matter.

The weight of the evidence compels a finding of substantial compliance with the requirements with respect to notice of sale under the statute governing the liability of a defaulting retail buyer. (F.S. 520.11).

The credible evidence discloses that the purchaser, defendant herein, had given plaintiff three different addresses — (1) the address on the contract; (2) the address which he gave to plaintiff as his mailing address, where he admitted he had received the coupon payment book, and (3) the address where he was

apparently living at the time the vehicle was repossessed by plaintiff.

The credible evidence further reveals that defendant had knowledge (a) that he was in default in his payments and (b) that the vehicle was repossessed by plaintiff because of such default.

The credible evidence further reveals the following facts — The "statement of notification" and "notice of sale" were mailed by registered mail to defendant's last known address where plaintiff had previously mailed, and defendant had received and accepted, other mail from plaintiff. The registered letter of "notification" was returned "unclaimed" by defendant. This is a significant fact because the "unclaimed" letter was mailed to the very same mailing address he had given to plaintiff and where he had previously received mail from plaintiff.

Moreover, it is even more revealing that this registered mail "unclaimed" by defendant occurred *after* plaintiff had repossessed the vehicle under the contract of which fact defendant had knowledge.

The statute (F.S. 520.11) provides for notice to a defaulting buyer in the event of a resale of the vehicle repossessed stating the (contract) holder shall ". . . furnish a copy of said notice [of sale] to the buyer, either personally or by registered or certified mail addressed to the buyer's last known address."

The issue presented herein is governed by the rule of construction expressly recognized and applied in Elm Buick Company, Inc. v. Moore (Connecticut 1963), 192 A.2d 638. The Supreme Court of Errors of Connecticut construed a similar statutory provision requiring the contract holder to "give the retail buyer . . . written notice of the time and place of sale either personally or by *registered or certified mail* directed to the retail buyer *at his last known place of business or residence.*" (Italics added.)

The following language in the opinion of the court reveals facts analogous to the instant case (p. 639) —

"On November 18, 1960, which was after the auction sale of the car, the post office department returned to G.M.A.C. the letter which had been sent to the defendant by certified mail. It was unopened and marked Unclaimed. The defendant did not receive the letter or any other written notice of the sale of his car prior to the time of its sale.

"The defendant claims that the quoted provision of §42-98(d) as to notice required that the written notice actually be received by him and that since it was not, he is not liable for any deficiency judgment."

The court rejected and held invalid defendant's contention that the statutory provision regarding notice of sale requires actual receipt of the written notice.

On the basis of the foregoing, plaintiff is entitled to recover.