FRED HARLEE *v.* FEDERAL FINANCE CORPORATION OF AMERICA.

*(May 6, 1932.)*

PENNEWILL, C. J., RICE and RODNEY, J. J., sitting.

*P. Warren Green* for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, Replevin, No. 5, November Term, 1929.

The defendant moved to strike out these allegations.[1]

PENNEWILL, C. J., delivering the opinion of the Court:

The motion before the Court raises the following questions:

1. Whether the act of the defendant, in selling the car or refusing the tender, can be said, as a matter of law, to have been "malicious."

2. Whether the defendant can be held liable for the plaintiff's expenses, including the cost of a replevin bond and the fee of his attorney.

Respecting the first question we may say, the plaintiff admitted at the oral argument that the act of the defendant complained of could not be held to have been malicious within the meaning of the law, and consented that the claim in the declaration for special damages, based on the alleged malicious act of the defendant, be stricken out.

Can the plaintiff recover in this action the costs of his replevin bond and his attorney's fees?

He claims that he is entitled to recover such expenses under *Section* 25 of the *Uniform Conditional Sales Act* (*Chapter* 192, *Vol.* 30, *Laws of Del.*) which is as follows:

---

[1] It was admitted that after giving the notice provided by *Sections* 19 and 20 of the *Conditional Sales Act* (*Chapter* 192, *Vol.* 30, *Laws of Del.*), the defendant had sold the property in question at public sale on October 1, 1929.

"If the seller fails to comply with the provision of *Section* 18 * * * after retaking the goods, the buyer may recover from the seller his actual damages, if any, and in no event, less than one-fourth of the sum of all payments which have been made under the contract, with interest."

We do not think the plaintiff can recover in his action of replevin the actual damages he is seeking to recover under said *Section* 25, which is a penalty provision in the *Uniform Conditional Sales Act.*

It is well known what damages are recoverable in an action of replevin in this state.

The motion of the defendant to strike out is, therefore, granted.