FRANTZ EQUIPMENT COMPANY, A CORPORATION, PLAIN-
TIFF-APPELLANT, v. JOSEPHINE ANDERSON AND
GEORGE ANDERSON, DEFENDANTS-RESPONDENTS.

Argued February 20, 1962—Decided May 21, 1962.

*Mr. Benjamin F. Friedman* argued the cause for plaintiff-appellant.

*Mr. William Cantor* argued the cause for defendants-respondents.

The opinion of the court was delivered by

HANEMAN, J.    Plaintiff, a conditional sales vendor, brought suit to recover an alleged deficiency on a conditional sales contract.  Defendants, conditional sales vendees, denied liability, and counterclaimed for damages arising from the alleged failure of plaintiff to comply with the Uniform Conditional Sales Law (*R. S.* 46:32–1 to 33), in selling the repossessed chattels.  Upon motion made at the end of the case, defendants having offered no proof, the trial court, sitting without a jury, dismissed the complaint and awarded judgment to defendants upon their counterclaim.  Plaintiff appealed to the Appellate Division.  Prior to argument there, this court certified the appeal on its own motion.  *R. R.* 1:10–1(a).

No dispute exists concerning the factual situation.  Plaintiff sold to defendants, who were son and mother, a used tractor and bulldozer.  The transaction was evidenced by a conditional sales agreement dated June 15, 1959 which recited a purchase price of $15,000, together with an allowance therefrom of $6,000 for a tractor accepted from defendants as a trade-in.  The contract showed a balance of $9,000 due on the purchase price and interest charges in the amount of $810.  Payments were to be made in eighteen monthly installments of $545 each.

Only one installment payment was made by defendants. Plaintiff repossessed the equipment and on December 9, 1959 sent notice of a proposed resale thereof to defendants by a single certified letter addressed jointly to "Mr. George Anderson—Mrs. Josephine Anderson" at the address appearing for both in the conditional sale contract. The letter was returned with the notation "Notice left, no ans. during del. hrs. * * *"

A newspaper advertisement giving public notice of the proposed sale was caused to be published on December 14, 1959. In addition, on the same date auction notices were displayed in four locations. From the testimony it is not clear whether these notices were posted along a public way.

On December 21, 1959 the resale was conducted. Following the sale plaintiff filed a complaint asserting a deficiency of over $5,000 which assertion, at trial, was admitted to have been in error whereupon the correct amount of the deficiency was stated to be $1,319.09.

After plaintiff had concluded its case and defendants had rested without further proof, they made a motion for dismissal of the complaint and for judgment on their counterclaim. Both motions were granted, the former because the court felt bound by *Pacific Discount Co., Inc. v. Jackson,* 68 *N. J. Super.* 331 (*App. Div.* 1961), which held that *R. S.* 46:32–25 required notice of sale of repossessed goods be sent to the conditional vendee by registered mail and that certified mail was insufficient for that purpose. Having found that plaintiff failed to satisfy this statutory mandate as to notice, the court deemed that defendants were entitled to recover on their counterclaim one-fourth of all payments made under the contract (*R. S.* 46:32–31). In computing the amount of the counterclaim, the court considered the $6,000 trade-in allowance as a payment under the contract.

Plaintiff urges that notice of resale sent by certified rather than registered mail meets the requirements of *R. S.* 46:32–25 and therefore, dismissal of its complaint on that

basis was error. The judgment on defendants' counterclaim is contested on the ground that defendants' right to recover damages can arise only from plaintiff's failure to comply with the above statute and that plaintiff having complied therewith, defendants were not entitled to a judgment. Plaintiff argues further that, in any event, defendants' right to recover one-fourth of the payments made under the contract depends upon a showing of actual damages and the defendants, not having introduced any proof of actual damage, are not entitled to any judgment. It is also urged that since the resale here was voluntary, defendants having failed to pay the 50% of the purchase price made a prerequisite for a compulsory resale by *R. S.* 46:32–25, an award of damages in any amount was improper. The final attack upon the judgment on the counterclaim is directed at the amount thereof. In this connection the plaintiff asserts that the court in awarding defendants one-fourth of the "payments" made under the contract erroneously considered the $6,000 trade-in allowance evidenced by the conditional sale agreement as a payment. It argues that the actual value of the equipment traded in is the true measure of the amount of defendants' payment and that the court therefore erred in entering judgment, defendants not having established that value.

Defendants argue for affirmance of the judgment below on two grounds. First, echoing the trial court's reasoning, they assert that notice by certified mail is insufficient compliance with the "registered mail" mandate of *R. S.* 46:32–25. Second, a contention is made that the mailed notice, the newspaper notice and the posted notices were all deficient in form and content thereby precluding recovery of any deficiency by plaintiff while at the same time establishing defendants' right to damages. They also assert that the judgment on the counterclaim is in the proper amount.

We come, therefore, to a consideration of the respective arguments.

*R. S.* 46:32–25 provides:

"* * * The seller shall give to the buyer not less than ten days' written notice of the sale, either personally or by registered mail, directed to the buyer at his last known place of business or residence. The seller shall also give notice of the sale by at least three notices posted in different public places within the filing district where the goods are to be sold, at least five days before the sale. If at the time of the retaking five hundred dollars or more has been paid on the purchase price, the seller shall also give notice of the sale at least five days before the sale by publication in a newspaper published or having a general circulation within the filing district where the goods are to be sold. * * *"

### I.

Defendants' objection to the mailing of notice of sale by certified mail rather than registered mail is without merit in the light of our recent decision in *Pacific Discount Co., Inc. v. Jackson,* 37 *N. J.* 169 (1962).

### II.

The envelope containing the notice of sale was directed, as above noted, to

"Mr. George Anderson
Mrs. Josephine Anderson"

both admittedly residing at the named address. The record discloses that the envelope was not received by them but was eventually returned to plaintiff.

Defendants contend that a separate notice should have been addressed and mailed to each of them. They cite as authority for this conclusion *N. J. S. A.* 1:1–2, which reads:

"Number; gender. Whenever, in describing or referring to any person, party, matter or thing, any word importing the singular number or masculine gender is used, the same shall be understood to include and to apply to several persons or parties as well as to 1 person or party and to females as well as males, and to bodies

corporate as well as individuals, and to several matters and things as well as 1 matter or thing."

and *Apex Roofing Supply Co. v. Howell*, 59 *N. J. Super.* 462 (*App. Div.* 1960).

▮ Clearly, under *N. J. S. A.* 1:1–2 the word "buyer" shall be deemed to include "buyers" and notice as provided in *R. S.* 46:32–25 should be mailed to both vendees. This conclusion, however, can give no comfort to defendants. The question still remains whether *R. S.* 46:32–25 requires the mailing of individual notices to each buyer where they both reside at the same address. *N. J. S. A.* 1:1–2 is inapposite on this problem.

Nor is *Apex Roofing Supply Co. v. Howell, supra,* dispositive of the question. There, the defendants, owners of the premises involved, were brother and sister. A mechanics notice of intention under the Mechanics Lien Act, *N. J. S.* 2A:44–71, was mailed to "Mr. and Mrs. Benjamin Howell." *N. J. S.* 2A:44–71 reads in part:

"Notice, in writing, of the filing of any such notice of intention shall be given within 5 days of such filing to the owner of the premises, of the land described therein, personally, or by registered mail, to the last known address, and unless such notice to the said owner be so given, the filing of the said notice of intention shall have no force or effect."

It is plain that notice in that case was misaddressed, since the owners were not husband and wife. The court properly held, under the facts there present, that "No notice was ever sent to, given or received by Esther, nor was there any proof that the letter came to her attention." The factual situation here is not comparable to that present in *Apex, supra.*

▮ It must be recognized that the protection of the buyer from imposition is the primary purpose to be achieved by the provisions of the Uniform Conditional Sales Law requiring the different species of notice of sale upon default. *Bancredit, Inc. v. Meyers,* 62 *N. J. Super.* 77 (*App. Div.*

1960). In *Commercial Credit Corp. v. Lawley,* 47 *N. J. Super.* 207 (*App. Div.* 1957), the court said, at p. 213:

"The purpose of the notice is to inform prospective bidders of the sale in order to secure a good price for the article to be sold and also to apprise the conditional vendee of it in order to enable him to protect his interests by buying in the article or by working up interest in the sale, or otherwise, as may seem best to him."

The Legislature, mindful of this purpose, has provided that the notice to the conditional vendee may be served by certified mail because of the high probability of receipt thereof. In harmony with the legislative intent it would appear that the proper method of mailing notice to two buyers residing at the same address entails mailing two separate notices, one to each buyer. And this in spite of the fact that the statute does not require receipt of notice; for the probability of actual receipt of notice is largely dependent upon the form and correctness of the address used and it is precisely this probability of receipt which justifies the use of such a mode of service.

Obviously, the possibility that one of several buyers will not receive the notice where it is forwarded in one envelope addressed to all of them, is greater than where separate notice is mailed to each. So also, the possibility of non-receipt of the card left by the postman upon failure to find the addressee of a certified or registered letter, a procedure hereafter described, is increased where a single letter is sent, for then only one card is left for all addressees. In both instances there exists the distinct possibility that the person receiving the letter or card, whether he be one of the buyers or not, will not communicate such fact to all the addressees, thus frustrating the legislative design and destroying the very foundation upon which this mode of service rests, *i. e.,* the high probability of receipt.

Mention has been made of the card left by the mail carrier in the event delivery of a certified or registered letter cannot be made. Ordinarily.in both types of service, delivery

is made to any person found at the address. *Postal Manual Part* 154.2, 161.9, 168.51. However, if no one can take delivery or if the sender has paid an extra fee and elected to have delivery restricted to the addressee alone and the addressee is not found, then a card is left by the carrier which recites that a certified or registered article is being held at the post office for the addressee. *Id.* 154.2, 161.97, 168.51, 168.52. In the case of registered mail a second card is left five days later but no second attempt at delivery is made in either service unless the addressee so requests. *Id.* 161.94, 168.52.

A notice jointly addressed to two or more buyers residing at the same address, because it exhibits the above infirmities, amounts to a misdirection. However, under such circumstances, a seller who seeks to hold all of the buyers liable may obtain the benefit of a practical compliance with the statutory notice of intent by proving that each of them had received the notice or had acquired either actual notice of. the existence and contents thereof from the co-addressees or actual knowledge of the availability of the letter at the post office. *Cf. Henry C. McCandless, Inc. v. Schaffer,* 103 *N. J. Eq.* 170 (*Ch.* 1928). Failing such proof, the service is binding only on such of the vendees as had so received notice or knowledge. To hold otherwise would not be in keeping with the purpose of the statutory notice requirement.

Where, as here, delivery was not effected at the designated address, if both defendants had been advised of the existence of the carrier's card notice of the letter and refused to take advantage thereof, they could not be heard to complain since plaintiff would, in effect, have accomplished all that the statute envisioned as the end result of its requirement of notice. Plaintiff's misdirection of the notice would thus be cured. Any objection would then sound, not in noncompliance, but rather in failure to receive and, as we have indicated, such objection is meaningless. See *Pacific Discount Co., Inc. v. Jackson, supra.*

We therefore remand the matter for the taking of further proof in connection with the actual knowledge of both or either of the defendants of the existence of the carrier's notice.

### III.

Insofar as defendants' objection to the posted notices is concerned, the proof is not clear whether such posting was in "different public places." The matter will also be remanded for additional proof on this phase of the case.

### IV.

■■ As to the balance of defendants' objections to the form and contents of the posted and published notices, we repeat what the court said in *Portage Shoe Mfg. Co. v. Reich*, 53 *N. J. Super*. 600 (*App. Div.* 1959):

> "In the absence of express provision, the form and contents of a notice required by statute are dependent upon the wording of the statute construed in the light of its intent and purpose.
>
> 'Generally speaking, when a formal notice is required, it should give the necessary information, and must apprise the person whose rights are to be affected of what is required of him \* \* \* a notice must be clear, definite, and explicit, and not ambiguous. The notice is not clear unless its meaning can be comprehended without explanation. \* \* \*'
>
> 66 C. J. S. Notice § 16, pp. 653–654."

See also *North River Ins. Co. v. Tisch Management, Inc.*, 64 *N. J. Super*. 357 (*App. Div.* 1960), *Apex Roofing Supply Co. v. Howell, supra*.

■ The statute here applicable makes provision for three types of notice, *i. e.*, personal or mailed, posted and published. The personal or mailed notice to the buyer is for the purpose of alerting him to the pending sale so that he may protect his interests by personally attending and bidding or by stimulating others to attend and bid. The posted and published notices, on the other hand, are designed to

apprise prospective bidders of the sale in order that competitive bidding may ensue, thus reducing or eliminating any possible deficiency. We are satisfied that the language of the posted and published notices was sufficiently clear, definite and explicit to comport with this statutory intent. See *Bulldog Concrete Form Sales Corp. v. Taylor*, 195 *F.* 2d 417, 49 *A. L. R. 2d* 1 (7 *Cir.* 1952).

## V.

We come, therefore, to plaintiff's objections to the judgment on the counterclaim, in the event the court, on remand, concludes that a deficiency in notice existed.

*R. S.* 46:32–31 reads:

"If the seller fails to comply with the provisions of sections 46:32–24 to 46:32–27, 46:32–29 of this title, after retaking the goods, the buyer may recover from the seller his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract, with interest."

Failure to comply with the enumerated provisions of the Conditional Sales Law not only deprives the vendor of his right to seek a deficiency judgment but also exposes him to the imposition of damages. This is so regardless of the fact that the resale may have been voluntary on the part of the vendor under *R. S.* 46:32–26. *Bancredit, Inc. v. Meyers, supra.* In such event *R. S.* 46:32–31 makes the seller liable to the buyer for his actual damages or one-fourth the sum of all payments made by him, whichever is the greater. It necessarily follows that no proof of any actual damage is required, since it must be logically concluded that, absent any proof of actual damage, one-fourth of the sum of all payments is the greater amount. See *Bancredit, Inc. v. Meyers, supra.*

In construing the word "payments," recourse should be had to the transaction of the parties. The purchase price was set at $15,000. An allowance of $6,000 toward that price was made for the tractor which was traded

in. The balance due from the buyers was computed at $9,000. Nothing in the law required that the purchase price be paid in cash. The parties by their own voluntary acts have established the value of the article traded in and the vendor should not now be heard to contest that value. If that were permitted it would be equally as logical to now allow the buyer to contest the value of the article conditionally sold, especially if it were a used piece of equipment.

In New York, which has a statutory provision identical to that in this State, the trade-in value has been used in computing the amount paid toward the purchase price. See, e. g., *Fisk Discount Corp. v. Brooklyn Taxicab Trans. Co.*, 270 *App. Div.* 491, 60 *N. Y. S.* 2d 453 (*App. Div.* 1946). This approach seems eminently sound and, therefore, if plaintiff has failed to meet the statutory notice requirements the computation of the measure of defendants' damages should include the amount credited on the purchase price by reason of the trade-in.

Reversed and remanded for further proceedings consistent herewith.

*For reversal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.