COMMERCIAL CREDIT CORPORATION, Plaintiff, v. EDWARD F. SWIDERSKI, Defendant.

(*November* 26, 1963.)

DUFFY, P. J., sitting.

*Arthur J. Sullivan* (of Morris, James, Hitchens and Williams) for plaintiff.

*Samuel R. Russell* and *Charles K. Kiel* (of Herrmann, Bayard, Brill and Russell) for defendant.

Superior Court for New Castle County, No. 1579, Civil Action, 1961.

DUFFY, President Judge.

This is a Conditional Sales Act case involving (1) a claim for deficiency judgment under 6 *Del. C.* § 922, and (2) a counterclaim by the buyer under 6 *Del. C.* § 925. The facts are these:

On June 16, 1960 defendant, Edward F. Swiderski, bought a 1960 Mercury automobile from LeBro Lincoln-Mercury, Inc. Swiderski signed a conditional sales contract which LeBro later assigned to plaintiff, Commercial

Credit Corporation. At a time when Swiderski had paid more than $500 but less than 50% of the purchase price, he became delinquent, and Commercial Credit repossessed the automobile. Commercial Credit then:

(1) Sent Swiderski a notice by registered mail of its intent to resell the automobile for his account:

(2) On April 3, 1961 published in a newspaper notice of a sale of the automobile scheduled for April 7, 1961;

(3) Posted notices of the April 7, 1961 sale in three places: Sheriff's Office, New Castle County; Public Building, Wilmington, Delaware; and the County Building, Wilmington, Delaware;

(4) On April 7, 1961 sold the car at public sale to itself;

(5) Thereafter resold the car at private sale.

In this action Commercial Credit claims a deficiency of $1,538. Swiderski counterclaims under alternative computations for amounts ranging from $855.53 to $2,358.08. Swiderski has moved for summary judgment as to both the claim for a deficiency judgment and his counterclaim. This is the decision on the motion.

1. *As to the Claim for a Deficiency Judgment*

Under the circumstances, Commercial Credit had an option after repossession; it could resell or not.* 6 *Del. C.* § 920 provides:

"If the buyer has not paid at least 50 per cent of the purchase price at the time of the retaking, the seller

---

*Swiderski did not demand a resale as he could have under the statute.

shall not be under a duty to resell the goods as prescribed in section 919 of this title, unless the buyer serves upon the seller, within ten days after the retaking, a written notice demanding a resale, delivered personally or by registered mail. If such notice is served, the resale shall take place within 30 days after the service, in the manner, at the place and upon the notice prescribed in said section. The seller may voluntarily resell the goods for account of the buyer on compliance with the same requirements."

Commercial Credit decided to voluntarily resell the car for Swiderski's account. Under the statute it was therefore held to "compliance with the same requirements" applicable to a sale resulting from a demand by the buyer, i.e., Section 919. That section, in mandatory language, says, *inter alia,* that the seller shall

"* * * give notice of the sale by at least three notices posted in different public places within the filing district where the goods are to be sold, at least five days before the sale. If at the time of the retaking $500 or more has been paid on the purchase price, the seller shall also give notice of the sale at least five days before the sale by publication in a newspaper published or having a general circulation within the filing district where the goods are to be sold."

Swiderski argues that Commercial Credit did not give the five days' notice in a newspaper and that notices were not posted in different public places.

The general rule for the computation of time under a statute, in the absence of anything showing a contrary intent, is that the first day is excluded but the day on which the act is to be done is included. *Santow v. Ullman,* Del., 166 A.2d 135 (Del.Sup.Ct., 1960). See also Anno.: 49 A.L.R.2d 15, 41; and Civil Rule 6, *Del. C.* Here

the newspaper publication was on April 3. Excluding that day, it is quite apparent that five days had not passed by April 7. And the statute says, in so many words, that notice shall be given "at least five days before" the day of sale. Counting backwards from April 7, it is equally apparent that "at least five days" from then would begin before April 3. I therefore conclude that Commercial Credit, in giving notice by publication in a newspaper, failed to comply with the statute.

In order to hold Swiderski for the deficiency claimed, it was necessary for Commercial Credit to comply with the resale requirements of Section 919. *Bowden v. Sussex Studebaker, Inc.*, 3 Storey 66, 164 A.2d 595 (Super.Ct., 1960). The time requirements of the statute are mandatory. 49 A.L.R.2d 41. Compliance is required because protection of the buyer from imposition is the primary purpose to be achieved by the provisions of the conditional sales law requiring the different species of notice of sale uptn default. *Frantz Equipment Co. v. Anderson*, 37 N.J. 420, 181 A.2d 499 (Sup.Ct., 1962). Since the sale was not conducted in accordance with the regulations prescribed by statute, the buyer is discharged from the contract. *Frantz Equipment Co. v. Anderson* ,supra; 78 C.J.S. Sales, § 601; 47 Am.Jur., Sales, § 964. It follows that defendant is entitled to summary judgment as to the complaint.

## 2. *As to the Counterclaim*

Swiderski's counterclaim is based on 6 *Del. C.* § 925 which reads as follows:

"If the seller fails to comply with the provisions of sections 918-921, and 923 of this title after retaking the goods, the buyer may recover from the seller his actual damages, if any, and in no event less than one-fourth of

the sum of all payments which have been made under the contract, with interest."

■ This is a penalty provision, *Harlee v. Federal Finance Corporation,* 5 W.W.Harr. 162, 160 A. 906 (Super. Ct., 1932), and since Commercial Credit did not comply with Section 919, Swiderski may recover his actual damages, if any, and in no event less than one-fourth of the sum of payments which he made. This is so regardless of the fact that the resale may have been voluntary on Commercial Credit's part. *Frantz Equipment Co. v. Anderson,* supra. The impetus for the sale is not the controlling factor; compliance with the provisions regulating the sale is what the statute insists upon in both its letter and purpose. *Bancredit, Inc. v. Meyers,* 62 N.J.Super. 77, 162 A.2d 109 (App.Div.,1960). See the discussion in 2A Uniform Laws Annotated, § 129.

■ As to the amount of damages, Swiderski claims, under varying computations, for amounts ranging as high as $2,358.08. It is not clear whether these are asserted as actual damages or as the statutory minimum. If the former, the only evidence of "fair value" of the automobile about the date of repossession is found in the bids submitted by third persons prior to resale. Commercial Credit obtained four of these, the highest of which was $1,900. Since Swiderski owed Commercial Credit more than this on the conditional sales contract, it follows that he has not demonstrated any actual damage.

Under the statute, Swiderski is therefore entitled to "one-fourth of the sum of all payments." He made the following payments:

| | |
|---|---|
| Trade-in | $ 828.20 |
| Cash down payment | 10.00 |
| Payments made after purchase | 683.94 |
| | |
| Total | $1,522.14 |

Judgment will therefore be entered for Swiderski on the counterclaim for one-fourth of all payments, $380.54, with interest from the date of repossession, March 24, 1961.

*On defendant's motion for reargument.*

DUFFY, President Judge:

Swiderski moved for reargument of the Court's opinion on the counterclaim; he argues that he is entitled to a larger judgment based upon both actual and minimum statutory damages.

As to actual damages, the only evidence of fair value at the time of repossession is found in the bids made by third persons. The various other figures argued by Swiderski, and they are many, all flow from the initial transaction between the parties which took place some ten months before repossession. Considering the record as a whole, I conclude that Swiderski has not shown actual damages.

As to statutory damages, Swiderski argues that under 6 *Del. C.* § 295, "one-fourth of the sum of all payments which have been made under the contract" includes the fair value of the automobile ($1,900) at the time of repossession. I have already held that payments under the contract include the trade-in value of an automobile given at time of purchase, the cash down payment, and all payments made after purchase. It seems to me that

this is as far as the Court should go in applying the penalty section of the statute. I conclude that Swiderski is not entitled, for penalty purposes, to have the value of the automobile seized in repossession because of his default considered as if it were a payment made by him under the contract. There is nothing in the statute which requires this, and a reasonable application of the penalty provision precludes it. Swiderski's motion for reargument is denied.