UNITED SECURITIES CORPORATION, a corporation of the District of Columbia, v. LEROY TOMLIN.

(*March* 9, 1964.)

CHRISTIE, J., sitting.

*Frederick Knecht, Jr.,* for plaintiff.

*Grover C. Brown* for defendant.

Superior Court for New Castle County, No. 252, Civil Action, 1963.

CHRISTIE, Judge.

On March 21, 1957, defendant entered into a conditional sales contract to purchase from Bob Wilson, Inc., of Washington, D. C. a 1951 Buick automobile for the total purchase price of $795.00. This contract was assigned by Bob Wilson, Inc. to the plaintiff for value received. The execution by the defendant and the assignment to the plaintiff took place in Washington, D. C. Subsequently, defendant failed to make the payments on the contract which were payable in Washington, D. C.

At the time of the purchase, the defendant was stationed at the New Castle Air Force Base near Wilmington, Delaware. On December 10, 1957, defendant left the vehicle at Carlisle Motor Service, Odessa, Delaware, for repairs, and never returned to claim it.

On January 20, 1958, Carlisle Motor Service notified plaintiff in Washington, D. C. that it had the Buick and that the sum of $50.50 was due for repairs made on it.

On April 25, 1958, plaintiff sold the Buick to Carlisle Motor Service for the sum of $50.00. The sale of the Buick to Carlisle Motor Service was a private transaction. There was no advertisement and no written notice to the defendant. At the time defendant owed the sum of $565.63 on the conditional sales contract. Plaintiff deducted the sum of $50.00 from this and brought this suit for the balance due.

The sale of the repossessed automobile without notice to the owner and without an advertised auction was not in compliance with the requirements of the Uniform Conditional Sales Act. 6 *Del. Code* §§ 919, 920. However, plaintiff was authorized to do what it did by the express terms of the contract.

If the Uniform Conditional Sales Act applies to this transaction, the plaintiff gave up its right to a judgment for the balance due when it sold the car without the required notice and public auction. *Bowden v. Sussex Studebaker, Inc.,* 3 Storey 66, 164 A.2d 595 (Superior Ct.1960); *Commercial Credit Corporation v. Swiderski,* Del., 195 A. 2d 546 (Superior Ct.1963). On the other hand, if the Uniform Conditional Sales Act does not apply, plaintiff did only what it had a right to do under the contract and it is entitled to judgment for the balance due.

The District of Columbia where the contract was entered into does not have the Uniform Conditional Sales Act or any equivalent provisions of law as to the duties of those who repossess vehicles. Thus, the only question before me is whether the law of Delaware or the law of the District of Columbia is applicable in determining plaintiff's rights to a judgment for the balance due under the conditional sales contract.

Delaware adheres to the usual rule that the sub-

stantive rights of the parties to an action are governed by the law of the State where the cause of action arose, but the remedy to enforce such rights is governed by the law of the State where the suit is brought. *Skillman v. Conner,* 8 W.W.Harr. 402, 193 A. 563 (Superior Ct.1937). *Lutz v. Boas,* Del. Ch., 176 A.2d 853 (1961). This cause of action arose from defendant's failure to make payments in Washington, D. C. under a contract entered into in Washington, D. C. The right to recover arose in Washington, D. C. but the judgment here sought may be regarded as remedial or substantive depending on where one puts the emphasis.

The difficulty is in the application of the general rule. How is one to say whether the judgment sought in this case is a matter of substantive or remedial law? The conditional sales contract, which was valid where it was executed, gave plaintiff the right to do what plaintiff here seeks to do. Plaintiff says it does not rely on the remedial law of Delaware; plaintiff says it seeks to enforce substantive rights under a valid contract. On the other hand every right takes on a remedial aspect when there has been some wrong or default for which a remedy is sought, and in Delaware the law specifically limits the remedies available to those who repossess property under conditional sales contracts. Do the remedies for a breach of contract become substantive rights when they are the subject matter of the contract?

There appear to be no Delaware cases deciding the specific issue before the Court. The cases elsewhere are divded. See cases collected in 13 A.L.R.2d 1312.

The recent opinion in *Universal C. I. T. Credit Corporation v. Hulett,* La.App., 151 So.2d 705 (1963) contains a helpful discussion of the problem and cites the arguments and cases on both sides of the issue. There under circumstances roughly parallel to those of the case at bar

the Louisiana Court held that the law of the place where the car is repossessed governs the rights of the conditional vendor as to a deficiency judgment after repossession and sale. Since the sale did not meet the requirements of Louisiana law, plaintiff was not allowed a deficiency judgment even though he would be entitled to such judgment under the law of Indiana where the conditional sales contract was entered into and where the car was taken for resale after repossession in Louisiana.

The Louisiana Court noted the difficulty in applying the rule that the law of the place where a contract is to have effect determines the rights and obligations of the parties. It mentioned the tendency on the part of some courts to frankly apply its own law whenever the factual elements of the case reveal any valid reason to apply its own law and policy, provided this does not violate constitutional full faith and credit requirements. It then went on to show that Louisiana had more contact with the subject matter of the litigation than did Indiana.

Under the "all things considered" approach advocated by the Louisiana Court, I am of the opinion that the legal significance of a sale of property repossessed from a defendant is most appropriately determined by the law of the jurisdiction where the issue is raised. Such a conclusion becomes especially appropriate when the issue is raised in the jurisdiction where the repossession and sale take place and in the jurisdiction in which the parties contemplated the car would be located when they entered into the contract.

If the issue must be decided by declaring the matter to be either substantive or remedial, I would label the issue remedial. The rights and duties of creditors and significance of repossession of collateral and sale thereof are obviously matters more closely related to a remedy for a

breach of contract than to the basic transaction between the parties. I decline to hold that matters so closely related to remedy become substantive rights when they are the subject matter of a valid contract.

Judgment will be entered for the defendant.