OPINION
O’HORA, Judge.
This is an action initiated by defendants who have filed a petition for a Rule to Show Cause why a judgment should not be opened. After plaintiff’s answer was filed, defendants moved for summary judgment. Defendants also have filed a counterclaim for damages plus costs and attorney fees.
On April 24, 1967, defendants purchased a certain 20 foot motor boat from Taylor Products, Inc. In addition to a cash down payment of $450.00, defendants executed a Conditional Sales Contract and a Judgment Note, which instruments were subsequently assigned to plaintiff.
On May 3, 1967, plaintiff entered appearance for defendants, as their attorney, and confessed judgment on the note. On August 12, 1967, plaintiff repossessed the boat in question. By this latter date defendants had paid two monthly payments on account of their indebtedness, so that they had paid a total of %573.90 in connection with the entire transaction. Defendants had not, however, made regular agreed upon monthly payments and were, in fact, in arrears to a considerable extent.
Plaintiff, electing to resell the boat, caused a notice of resale to be published in a newspaper on August 3, 1967. This notice read as follows:
“NOTICE”
“This is to serve as Public Notice that there will be a Public Sale of a 20 foot Inboard Outboard Atlantic on the premises of Taylor Products, Inc., R. D. Box 109, Milford, Delaware at 10:00 A.M., Tuesday, September 5, 1967.
This automobile is being sold to satisfy a lien obtained by way of a conditional sales contract which has been assigned to the Farmers Bank of the State of Delaware, and who is the holder thereof.
It is being sold to satisfy the said Bank’s claim under said conditional sales contract against HARLON A. ODOM.
TERMS: CASH
DATED: August 31, 1967 It”
It is to be noted that the notice of resale, published on August 31, 1967, indicated that a sale was to be held at 10:00 A.M. on September 5, 1967. The item to be sold was described as a “20 foot Inboard Outboard Atlantic”, in the first paragraph of the notice, and as “This automobile”, in the second paragraph. Nowhere in the notice was the item specifically described as a boat.
After a resale of the boat was had, pursuant to the notice mentioned, a deficiency judgment was entered for the difference between the amount received from the resale and the amount due by defendants under their original obligation.
Defendants take the position that the notice published by plaintiff was defective under the provisions of 6 Del.C. § 919. *87 The pertinent provisions of this statute require that the seller, who has retaken possession of goods and intends to resell, “give notice of the sale at least five days before the sale”. Defendants argue that the notice was not given five days before the sale and, furthermore, did not adequately describe the chattel to be sold.
It is not necessary to determine the adequacy of the notice here used, with respect to time, in view of this Court’s conclusion that the description of the chattel resold was itself so inadequate that it did not meet the requirements of the law. Notice requirements set forth in 6 Del.C. § 919 have been treated by courts of this jurisdiction as being mandatory in nature. Commercial Credit Corp. v. Swiderski, 195 A.2d 546 (Super.Ct.1963); United Securities Corporation v. Tomlin, 198 A.2d 179 (Super.Ct.1964). For other cases to the same effect as the Delaware decisions see 49 A.L.R.2d 41. See also Bowden v. Sussex Studebaker, Inc., 3 Storey 66, 164 A.2d 595 (Super.Ct.1960). If the niceties of the statute pertaining to such matters as timing must be strictly adhered to it would seem to follow that a reasonably accurate description of the chattel itself would also be required. Meeting all of the requirements of the notice statute to the letter would be meaningless as a practical matter if an inadequate description of the chattel itself is used.
The general rule with regard to descriptions of articles in notices of resale is a sensible one. It requires that the description be sufficient to inform prospective bidders in a general way whether or not the property to be sold is anything in which they might have an interest. Bulldog Concrete Forms Sales Corp. v. Taylor, 195 F.2d 417, 49 A.L.R.2d 1 (9th Cir. 1952). Plaintiff contends it has met this description test because the notice, though obviously in error by describing both a boat and an automobile, would have attracted people interested in both such articles and thus have engendered more than the usual interest in the sale. Plaintiff further points out that the place of sale mentioned in the notice was the premises of Taylor Products, Inc., a boat business establishment, not an automobile dealership, and thus readers of the notice would realize that the item to be sold must be a boat, not an automobile.
Plaintiff’s argument is certainly ingenious, but hardly persuasive. It first requires an assumption that the public generally would know that a “20 foot Inboard Outboard Atlantic” is a boat, even though later referred to as an automobile. It next requires an assumption that the public generally knows the nature of the business conducted by Taylor Products, Inc. This Court finds no basis for adopting either assumption from the record in this case.
The description of the chattel in the instant case leaves much to conjecture. A notice such as this would seem to be fully covered by the reference to notices found in 66 C.J.S. Notice § 16, which reads :
“A notice must be clear, definite, and explicit and not ambiguous. The notice is not clear unless its meaning can be apprehended without explanation or argument.”
Allen v. Reed, 147 Tenn. 612, 250 S.W. 546, cited by plaintiff, is not helpful. That case involved a notice in which the name of the seller was left off. It is understandable why the court there concluded that such defect was insufficient to cause a deficiency judgment to be set aside. In such transactions it could be of little or no importance to the public to know the name of the seller.
Defendants’ counterclaim is based upon provisions of 6 Del.C. § 925 which reads as follows:
“If the seller fails to comply with the provisions of sections 918-921, and *88 923 of this title after retaking the goods, the buyer may recover from the seller his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract, with interest.”
Defendants rely upon the authority of Commercial Credit Corporation v. Swider-ski (supra) wherein Chancellor Duffy, then President Judge of the Superior Court, after concluding that 6 Del.C. § 919 had not been complied with vacated the deficiency judgment previously obtained and then entered judgment on a counterclaim filed, as here, pursuant to 6 Del.C. § 925. Insofar as the counterclaimant’s right to recover under the statute here is concerned, it would appear that Swiderski is a holding exactly in point.
Plaintiff here contends, in effect, that the Swiderski reasoning and conclusion should not be applied because it is wrong. Plaintiff points to the fact that Chancellor Duffy in Swiderski relied primarily upon New Jersey cases (Frantz Equipment Co. v. Anderson, 37 N.J. 420, 181 A.2d 499 (Super.Ct.1962)) and ignored better reasoned holdings from New York. (Ellner v. Commercial Credit Corp., 137 Misc. 251, 242 N.Y.S. 720; Capital District L. A. W. Corp. v. Blake, 136 Misc. 651, 241 N.Y.S. 476).
Both the New Jersey and New York approaches have been reexamined by this Court without, however, a determination of the propriety of overruling Swiderski, an earlier decision of this Court. New Jersey views the notice requirements of the resale statute as mandatory. Compliance therewith is predicated upon the theory that it is intended as protection of the original buyer from imposition of an unwarranted deficiency judgment. The purpose of the statute being to protect the buyer, non-compliance with it by the seller, results in damages flowing to the original buyer. Under the New Jersey theory the same result follows whether or not seller was required to resell or might have chosen to merely retain possession of the chattel.
The New York view is predicated upon the theory that the resale statute is primarily for the benefit of the seller. It is looked upon simply as a device whereby the seller who has repossessed may voluntarily resell so that he might thereafter be in a position to assert a deficiency against the original buyer. Under the New York reasoning if seller does not comply strictly with the requirements of the resale statute he should, at most, lose his right to a deficiency judgment. New York would view the New Jersey result as giving something to the buyer which he would otherwise never have had simply because seller had voluntarily chosen to resell, instead of keeping the object, and had not complied with the statute.
It does not necessarily follow, as plaintiff argues, that “the reasoning and logic in the New York cases is better than in the New Jersey decisions”. It would seem that either view is logical, depending upon the basic premise involved, i. e., the primary purpose of the statute.
From the standpoint of innate fairness it would seem that the New Jersey view is the better of the two. If the requirements of the statute are strictly complied with both parties are protected. If the seller were to face only the possibility of losing a deficiency judgment by noncompliance they would be less likely to be concerned about the exactness of the procedures than if they faced the possibility of a penal judgment against them for noncompliance. It must be conceded that regardless of the view as to who is to be protected such resale statutes are drawn, with specific requirements such as notice, etc., with the hope that the widest possible number of potential buyers will be made aware of the sale. It might be said that this is a secondary purpose of such statutes for the protection of all parties. Compliance with such statutes, being solely within *89 the control of the seller, and the requirements themselves being routine, rather than onerous, it would seem, on balance, that the New Jersey view is the better one.
Having reached the conclusion that the law of this State is as set forth in Swiderski, it follows that judgment must be entered for defendants on their counterclaim. No evidence having been offered as to actual damage, judgment for defendants will be for one-fourth of their actual outlay of cash with costs and interest.
Finally, defendants seek an award of reasonable attorney fees. Defendants point to the provisions of 6 Del.C. § 4346 which provides remedies for the holder of an installment contract in the event of default by buyer. Specifically, § 4346 provides that the seller may retake the goods and proceed as provided for in Chapter 9, Title 6 of the Delaware Code.* Defendants then call attention to 6 Del.C. § 4344 which provides, inter alia, that
“Reasonable attorney’s fees and costs shall be awarded to the prevailing party in any action on a contract or installment account subject to the provisions of this chapter regardless of whether such action is instituted by the seller, holder, or buyer.” (Italics supplied).
Defendants conclude that plaintiff herein proceeded under the provisions of Chapter 9, Title 6, thus bringing the matter within the purview of Chapter 43. Chapter 43, in turn, through § 4344, provides that attorney’s fees “shall” be awarded to the prevailing party.
Notwithstanding the apparent consistency of defendants’ chain of statutes leading to an award of an attorney’s fee, there is a basic inconsistency involved. Defendants’ right to a judgment is predicated entirely upon the statutory provisions of 6 Del.C. § 925 wherein, assuming noncompliance by seller under the resale statute, buyer is entitled to “actual damages” or “one-fourth of the sum of all payments, etc.”. Attorney’s fees would be, at best, part of actual damages. Under the reasoning of Chief Justice Pennewell in Harlee v. Federal Finance Corp. of America, 5 W.W.Harr. 162, 160 A. 906 (Super.Ct. 1932), it is even doubtful if such fees would be permissible under the penal type provisions of 6 Del.C. § 925. In any event, defendants are entitled here, again under 6 Del.C. § 925, to “one-fourth of the sum of payments”, etc., and no more, so that the granting of attorney’s fees would be entirely inconsistent with such provisions. In such circumstances it is this Court’s conclusion that 6 Del.C. § 4344 does not require the Court to award attorney’s fees in all cases including those involving statutes providing for penal damages or which specifically set forth the extent of damages recoverable.
For the reasons herein set forth, it is the conclusion of the Court that:
1) Defendants’ motion for summary judgment should be granted and plaintiff’s judgment against defendants, recorded in the Office of the Prothonotary in Sussex County, Delaware, in Judgment Docket 1967 A, Page 95, be marked satisfied;
2) Judgment should be entered for defendants against plaintiff, on defendants’ counterclaim, in the amount of ONE HUNDRED FORTY-FOUR AND 49/100 DOLLARS ($144.49), with interest from the date of repossession, August 12, 1967; and
3) Defendants’ application for an award of attorney’s fees in connection with their counterclaim should be denied.
It is so ordered.

 Chapter 9, Title 6, Delaware Code has been repealed with the passage of the Uniform Commercial Code, now found in Title 5A of the Code, and which became effective July 1, 1967. However, § 10-102(2) of Article 10 of the Uniform Commercial Code provides that transactions entered into before the effective date of the new code continue to be governed by the old law.