**GENERAL MOTORS ACCEPTANCE CORP.,**
**a corporation of the State of New York,**
**Plaintiff Below, Appellant,**

v.

**Clarence E. ROBINSON and Bonnie G. Robinson, his wife, Defendants Below, Appellees.**

Superior Court of Delaware,
Kent.

Feb. 24, 1970.

John A. Faraone, Wilmington, for plaintiff below, appellant.

Roy S. Shiels, of Brown, Shiels & Barros, Dover, for defendants below, appellees.

## OPINION

STOREY, Judge.

This is an appeal by plaintiff from a decision of the Court of Common Pleas denying plaintiff the balance allegedly due following repossession of an automobile under a conditional sales contract and granting damages to defendant for improper repossession. The facts of the matter, as stipulated by the parties below are as follows: Defendants entered into a conditional sales agreement for purchase of an automobile in Pennsylvania. While defendants were two months in default in payments under the agreement they moved from Pennsylvania to Delaware, from where the automobile was repossessed by plaintiff some twenty-one days later and removed to Pennsylvania for later sale. The Court of Common Pleas, in finding that the law of Delaware applied to the repossession issue raised, held that the " * * * rights and duties of creditors and significance of repossession of collateral and sale thereof are matters more closely related to a remedy for a breach of contract than to the basic transaction between the parties."

The specific question raised in this case is best stated as follows: Where a conditional sales agreement is entered into in Pennsylvania and the object of the agreement is removed to Delaware while the purchaser is in default in payments under the agreement, is the legality of the method of repossession determined by the law of Pennsylvania or the law of Delaware, where the object of the contract is repossessed in Delaware and sold in Pennsylvania?

There is a split of authority in the decisions dealing with the question of which State's law applies to determination of debtors' rights when a chattel is purchased in one state and repossessed in another. Some hold that the law of the place of repossession governs while others apply the law of the place of the execution of the contract. An excellent discussion of the problem as well as the arguments on both sides of the issue is contained in Universal C. I. T. Credit Corporation v. Hulett, 151 So.2d 705 (La.App.1963). In that case, and on facts somewhat similar to those before the Court in this case, the Court applied the law of the place of repossession under what has later come to be referred to as the "all things considered" approach. Applying this approach in the Delaware case of United Securities Corporation v. Tomlin, 198 A.2d 179 (Del.Super.1964), the Superior Court stated at p. 181 that:

" * * * the legal significance of a sale of property repossessed from a defendant is most appropriately determined by the law of the jurisdiction where the issue is raised. Such a conclusion becomes especially appropriate when the issue is raised in the jurisdiction where the repossession and sale take place and in the jurisdiction in which the parties contemplated the car would be located when they entered into the contract."

Although the existence of factors in this case distinguishable from the *Hulett* and

*Tomlin* cases are persuasive for a different result here, the following language from the *Tomlin* case indicates that the Common Pleas Court was correct in holding the remedial law of Delaware applicable:

"If the issue must be decided by declaring the matter to be either substantive or remedial, I would label the issue remedial. The rights and duties of creditors and significance of repossession of collateral and sale thereof are obviously matters more closely related to a remedy for a breach of contract than to the basic transaction between the parties. I decline to hold that matters so closely related to remedy become substantive rights when they are the subject matter of a valid contract." 198 A.2d at 181.

Accordingly, the judgment entered below is affirmed.

It is so ordered.