LOURDES ARCA, Plaintiff-Appellant, v. COLONIAL BANK AND TRUST COMPANY OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—92—4320

Opinion filed June 30, 1994.—Rehearing denied August 5, 1994.

Daniel A. Edelman, Cathleen M. Combs, Tara G. Redmond, J. Eric Vander Arend, and Michelle A. Weinberg, all of Edelman & Combs, Lawrence Walner & Associates, and Robert C. Morton, all of Chicago, for appellant.

Aronberg, Goldgehn, Davis & Garmisa, of Chicago (Nathan H. Lichtenstein and Charles E. Zeitlin, of counsel), for appellee Colonial Bank & Trust Company of Chicago.

Ellen S. Martin, of Querrey & Harrow, Ltd., of Chicago, for appellee Evanston Nissan, Inc.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Lourdes Arca, filed a three-count complaint in the circuit court of Cook County against defendants, Colonial Bank & Trust Company of Chicago (hereinafter Colonial), and Evanston Nissan, Inc. (hereinafter Nissan). Each count alleged violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1991, ch. 121½, par. 261 *et seq.*). The first two counts also alleged violations of the Motor Vehicle Retail Installment Sales Act (Ill. Rev. Stat. 1991, ch. 121½, par. 561 *et seq.*). Those counts pertained to both Nissan and Colonial, and the third only concerned Colonial. The trial court dismissed the entire complaint based on Arca's failure to plead sufficient facts entitling her to recovery.

On appeal, Arca contends the trial court erroneously ruled that she failed to state a cause of action.

We affirm in part and reverse in part and remand.

In 1990, Ricardo C. Velando sought to purchase a vehicle from Nissan and completed the credit application required by the dealership. As his credit rating was poor, Nissan asked Velando to provide a cosigner for the motor vehicle retail installment sales contract he was to sign. Arca, a friend of Velando, agreed to act as his cosigner and completed a credit application. Both Nissan and Colonial, which purchases motor vehicle retail sales installment contracts from dealers, reviewed her credit and subsequently approved Velando's application. Velando purchased the vehicle.

Velando made payments pursuant to the contract until February 1991. In May of that year, he ceased making payments and Arca received a letter from Colonial demanding payment of the past-due amount. Arca paid the requested amount and inquired as to whether the vehicle could be repossessed. A managing agent at Colonial told her that the bank would not repossess the car. The agent explained that, under the contract, she is principally liable as a buyer and refused to return her money. Arca later retained counsel who demanded that Colonial return her money.

Arca filed a three-count complaint against Colonial and Nissan as an individual and as a representative of a class alleging violations of the Motor Vehicle Retail Installment Sales Act (hereinafter the Act) and the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1991, ch. 121¹/₂, par. 261 *et seq.*). Count I, solely in issue here, alleged that Colonial and Nissan forced individuals whom they knew were not buyers or cobuyers to sign motor vehicle retail installment contracts as such in violation of section 18 of the Act, thereby violating section 2 of the Consumer Fraud and Deceptive Business Practices Act. Count II claimed that Colonial and Nissan improperly require cosigners to sign as "jointly responsible" cobuyers in violation of the Act. Finally, count III alleged that Colonial used deceit and misrepresentation in its collection practices. The trial court found that Arca failed to plead sufficient facts entitling her to relief and dismissed her complaint with prejudice. Arca appeals.

●1 Initially, we consider whether Arca's class allegations were proper. A plaintiff who seeks to maintain a class action must satisfy four statutory components:

"(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." (Ill. Rev. Stat. 1991, ch. 110, par. 2—801.)

Class certification is entirely within the province of the trial court and its determination will not be disturbed absent a clear abuse of discretion or the application of impermissible legal criteria. *Key v. Jewel Cos.* (1988), 176 Ill. App. 3d 91, 95.

●2 Our inquiry need only focus on the second prerequisite for the demonstration of a class action, the existence of common questions of

fact or law which predominate over the issues of individual members. Arca's defined "class" consists of all those who have entered into motor vehicle retail sales installment contracts with Colonial and Nissan within the past three years. She asserts the "class" members suffered damage from alleged violations of the Act as "[t]hey are purportedly obligated on contracts that are not legally enforceable against them." This contention, however, may not encompass all members of Arca's "class." Although the record fails to evince any reasoning of the trial court regarding the class issue, its dismissal of the allegations was proper. Arca cannot accurately posit that all individuals who entered into contracts with defendants are obligated under legally unenforceable contracts.

Of the utmost relevance in determining the extent of one's liability is the examination of the particular facts surrounding each individual situation and set of circumstances. Some members of Arca's "class"—all of those who signed a motor vehicle retail sales installment contract with defendants within the past three years— may indeed be obligated under their contracts while others may not. Some may be buyers or cobuyers and others cosigners. The establishment of each individual's status may depend on a myriad of factors which we cannot ascertain here. For example, varying oral representations may have been made to different persons. The question of an individual's reliance on the representations made in every situation is unclear as is the nature of the specific facts surrounding each transaction. In view of the vagueness and uncertainty of the particular facts and circumstances associated with the situation of each "class" member, we cannot conclude that common questions of law or fact predominate over questions affecting only individual members. Accordingly, Arca's amended complaint was improperly brought as a class action.

•3 We next address whether a violation of the Act constitutes a private right of action under the Consumer Fraud and Deceptive Business Practices Act. (Ill. Rev. Stat. 1991, ch. 121$\frac{1}{2}$, par. 261 *et seq.*) Colonial, citing *Hoover v. May Department Stores Co.* (1979), 77 Ill. 2d 93, opines that there is no private enforcement of the Act.

*Hoover* held that a private right of action cannot be maintained under the Retail Installment Sales Act (Ill. Rev. Stat. 1973, ch. 121$\frac{1}{2}$, par. 501 *et seq.*) and also interpreted several additional pieces of legislation pertaining to sales enacted contemporaneous to the Retail Installment Sales Act, including the instant act. Regarding this act, the court indicated that there is no provision "authorizing a buyer to maintain a private cause of action against a violator." *Hoover,* 77 Ill. 2d at 99.

Statutory construction is a question of law, and this court will interpret the statute pursuant to its own judgment rather than that of the trial court. Interpretation involves a determination of the statute's underlying legislative intent, in consideration of its purpose and nature, attributing a reasonable meaning to each sentence, clause, and word. (*Village of South Elgin v. City of Elgin* (1990), 203 Ill. App. 3d 364, 368.) However, where the statute is clear and unambiguous and the legislative intent can be clearly derived from the statutory language, the consultation of extrinsic construction aids is needless. *Village of South Elgin*, 203 Ill. App. 3d at 368.

Accordingly, we consult section 23 of the Act pertaining to enforcement in order to determine whether a private right of action exists. The section provides: "The Attorney General or the State's Attorney of any county in this State may bring an action in the name of the State against any person to restrain and prevent any violation of this Act." (Ill. Rev. Stat. 1991, ch. 121$^1$/$_2$, par. 583.) We consequently do not believe, construing the plain meaning of the Act, that the General Assembly intended to create a private right of action thereunder.

Nevertheless, in considering an appeal concerning the sufficiency of a complaint, "every intendment and fair inference is in favor of the pleading, and if under any aspect of the facts stated the plaintiff could recover, the motion should be denied." (*Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 947.) Succinctly, a complaint is improperly dismissed if the alleged facts state a cause of action. *Glazewski v. Coronet Insurance Co.* (1985), 108 Ill. 2d 243.

•4 Although Arca does not have an action under the Act, we will examine whether she has sufficiently stated a common law fraud action. A common law fraud demonstration must include (1) a statement of a material fact; (2) the statement must be false; (3) the speaker must know the statement is false; (4) the person to whom the statement was made believed the statement and that belief was reasonable; (5) the speaker made the statement with the intention of inducing the other party to act; and (6) the person to whom the statement was made detrimentally relied on it. (*Brown v. Broadway Perryville Lumber Co.* (1987), 156 Ill. App. 3d 16, 23.) A plaintiff's proof of these factors is a trier of fact determination and we will not disturb it unless it is contrary to the manifest weight of the evidence. *Chicago Title & Trust Co. v. First Arlington National Bank* (1983), 118 Ill. App. 3d 401.

•5 An evaluation of the face of her amended complaint evinces allegations regarding misrepresentations by Colonial and Nissan concerning the extent of Arca's liability under the contract as a co-

signer. She asserts that defendants fraudulently required her signature on the contract as a cobuyer rather than her actual status as a cosigner, intentionally deceiving her and allowing defendants to improperly obtain money from her. Further, she claimed that Colonial "knew" her liability was subject to section 18 of the Act (Ill. Rev. Stat. 1991, ch. 121$^1$/$_2$, par. 578), under which her liability is secondary as a guarantor of collection, but it nonetheless enforced the contract against her as a primary obligor. She also alleged that Colonial and Nissan deliberately failed to apprise her of the "notice" mandated by section 18, effectively misrepresenting the extent of her obligation.

We believe Arca's amended complaint adequately alleges all of the components of a common law fraud cause of action. She claimed that defendants knew section 18 of the Act did not make her primarily liable under the contract, yet they enforced the contract against her as if she were primarily liable. In support of this claim, she cites Colonial's letter to her which falsely stated that, as Ricardo Velando had failed to make the payments required under the contract, she was responsible for the amount owed as a primary obligor. Arca relied on this representation of her liability and consequently paid Colonial the requested sum.

Hence exist the necessary elements of a common law fraud claim: a knowingly false statement of a material fact, reasonably relied on by the plaintiff, resultant action by the plaintiff, and damages suffered as a result of such action. As her complaint does in fact state a cause of action, even though different from the one she intended to plead, we conclude that it was erroneously dismissed by the trial court. See *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943.

Consistent with the aforementioned reasons, we affirm the trial court's dismissal of Arca's class action allegations, reverse the dismissal of her complaint as it satisfies all the elements of a common law fraud claim, and remand this cause for further proceedings consistent with this opinion.

Accordingly, the judgment of the circuit court of Cook County is affirmed in part and reversed in part and remanded.

Affirmed in part and reversed in part and remanded.

HOFFMAN, P.J., and CAHILL, J., concur.